IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TOMMY W. DIXON,           )
                          )
    Plaintiff,            )
                          )
v.                        )   Civil Action No. 3:14CV110–HEH
                          )
C. ALLEN, et al.,         )
                          )
    Defendants.           )

## MEMORANDUM OPINION
(Dismissing Action Without Prejudice)

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). The Complaint fails to identify the particular constitutional right that was violated by the Defendants' conduct. Plaintiff's current allegations also fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, by Memorandum Order entered on February 13, 2015 (ECF No. 15), the Court directed Plaintiff to submit a particularized complaint within fourteen (14) days of the date of entry thereof. The Court

warned Plaintiff that the failure to submit the particularized complaint would result in the dismissal of the action.

More than fourteen (14) days have elapsed since the entry of the February 13, 2015 Memorandum Order. Plaintiff failed to submit a particularized complaint or otherwise responded to the February 13, 2015 Memorandum Order. Accordingly, the action will be dismissed without prejudice.

An appropriate order will accompany this Memorandum Opinion.

Date: March 19, 2015
Richmond, Virginia

/s/
Henry E. Hudson
United States District Judge